United States District Court
Southern District of Texas
ENTERED
August 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jefferson Hernandez Lopez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3463 |
| | § | |
| Markwayne Mullin, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jefferson Hernandez Lopez is a native and citizen of Honduras who concedes that he unlawfully entered the United States in 2022. Docs. 1 ¶¶ 1–2. On March 10, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. *Id.* ¶¶ 3, 14. Petitioner was served with a Notice to Appear and placed in full removal proceedings. Docs. 1 ¶ 11, 1-2. He then filed a Form I-589 Application for Asylum and for Withholding of Removal. Doc. 1 ¶ 11. On June 17, 2026, an immigration judge pretermitted Petitioner's application for asylum and for withholding of removal and ordered him removed to Honduras. Doc. 7-1. Petitioner's

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

appeal was due to the Board of Immigration Appeals on July 17, 2026. *Id.* at 4.[2]

Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Administrative Procedure Act; (v) the Fourteenth Amendment's Equal Protection Clause; (vi) the Suspension Clause of Article I of the Constitution; and (vii) the *Accardi*[3] doctrine.[4] Doc. 1 ¶¶ 71–138.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has not responded. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Court construes Petitioner's failure to respond as a representation of non-opposition to Respondents' Motion for Summary Judgment. *See* Doc. 6 ¶ 3; L. R. 7.4.

---

[2] The Court is unable to confirm whether Petitioner filed an appeal with the Board of Immigration Appeals because Petitioner did not provide his Alien Registration Number despite the Court's prior order that he do so. *See* Doc. 6 ¶ 4.

[3] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

[4] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 84–95. The Court assumes that Petitioner intends to raise due both due process challenges.

Even if the Motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of August, 2026.

Nicholas J. Ganjei
United States District Judge